UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK MCGOWAN, individually and as successor-in-interest to Nancy Joyce Garrett, deceased; DEBORAH BLANCO, individually and as successor-in-interest to Nancy Joyce Garrett,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF KERN, a municipality; NICHOLAS JOHN CLERICO, an individual; and DOES 1-100,<br><br>Defendants. | CASE NO. 1:15-CV-01365-DAD-SKO<br><br>**ORDER GRANTING PLAINTIFFS' REQUEST FOR ADDITIONAL DEPOSITIONS** |

On January 25, 2019, the parties appeared telephonically for an informal discovery dispute conference. Thomas Seabaugh, Esq., appeared telephonically on behalf of Plaintiffs. Kathleen Rivera, Esq., appeared telephonically on behalf of Defendant County of Kern ("County"), and James Weakley, Esq., appeared telephonically on behalf of Defendant Nicholas John Clerico. (*See* Doc. 114.)

Plaintiffs seek to depose five individuals, whom Plaintiffs contend have information relevant to the County's alleged spoliation of evidence. The allegedly spoliated evidence is the County's records of deputy-involved traffic collisions from 2005 to 2010, which were destroyed by a County employee, Ms. Christina Lomas, following verbal and written authorization from the five individuals Plaintiffs seek to depose.

After review of the parties' written submissions and hearing the parties' arguments, the Court finds Plaintiffs have made an adequate "particularized showing" of the need for additional depositions. *See Bell v. Fowler, 99* F.3d 262, 271 (8th Cir. 1996). The additional deponents' testimony bears on the issue of the County's culpability in destroying the records and there is no less burdensome alternative for Plaintiffs to obtain the information they seek. (*See* Fed. R. Civ. P 26(b)(2).) Accordingly, the Court GRANTS Plaintiffs' request to enlarge the number of allowed depositions under Fed. R. Civ. P. 30(a)(2) and take the depositions of the additional five individuals as set forth below.

**1. Sergeant Michael Whorf and Commander Justin Fleeman**

Sergeant Michael Whorf and Commander Justin Fleeman discussed the destruction of the records of deputy-involved traffic collisions from 2005 to 2010 with Ms. Lomas prior to her destruction of the records and permitted Ms. Lomas to proceed with seeking written authorization to destroy the records. Therefore, as discussed with the parties, Plaintiffs may depose Sergeant Whorf and Commander Fleeman for the limited purpose of determining their recollection of the conversation with Ms. Lomas, their awareness of Plaintiffs' lawsuit, their knowledge of any litigation hold and the County's litigation hold policies, and their basis for approving her request to seek authorization to destroy the records.

**2. Mr. Gurujodha Khalsa, Ms. Susan Rooney, and Mr. Mick Gleason**

Mr. Gurujodha Khalsa, Ms. Susan Rooney, and Mr. Gleason all signed an authorization form authorizing the destruction of the records, which specifically identified the records for destruction as accident reports from the Fleet Maintenance Unit with the Sheriff's Department from 2005 to 2010. Mr. Khalsa signed as the representative from the County Counsel's Office, Ms. Rooney signed as the representative of the County Auditor-Controller's office, and Mr. Gleason signed as the Chair of the County Board of Supervisors. As each of their reasons for signing the form bears on the County's culpability in destroying the records, Plaintiffs may depose Mr. Khalsa, Ms. Rooney, and Mr. Gleason regarding their state of mind when they authorized the destruction of the records, consisting of their awareness of Plaintiffs' lawsuit, their knowledge of any litigation hold and the County's litigation hold policies, as well as their independent understanding of why they

authorized the destruction of the records.

The Court notes that Mr. Khalsa signed the authorization form as the representative of the County Counsel, so certain aspects of his deposition may be subject to the attorney-client privilege. Plaintiffs may, however, ask Mr. Khalsa about general details of the litigation hold including what it covered, who received it, and when it was received, without infringing on the attorney-client privilege.

IT IS SO ORDERED.

Dated: **January 28, 2019** /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE